```
03:55:18 p.m. 01-08-2016   10   7143795444
01/08/2016   17:17   7143795444          EMILIO LAW GROUP          PAGE   10/20
```

1  DANIEL G. EMILIO, SBN 164892
2  JUSTIN G. SCHMIDT, SBN 248872
   LAURIE M. CORTEZ, SBN 289902
3  EMILIO LAW GROUP, apc
   12832 Valley View Street, Suite 106
4  Garden Grove, California 92845
   Telephone: (714) 379-6239
5  Fax:       (714) 379-5444

6  Attorney for Plaintiffs
   Latrina Phillips

7

[Handwritten stamps: CA A6024 9001 #322 DEPT William F. CHON HIGH BERGER]

**FILED**
Superior Court of California
County of Los Angeles

JAN - 8 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Dawn Alexander

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  COUNTY OF LOS ANGELES – CENTRAL DISTRICT
10

| | |
|---|---|
| 11  LATRINA PHILLIPS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff(s)<br><br>vs.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC and MORGAN SOUTHERN, INC WHICH WILL DO BUSINESS IN CALIFORNIA AS MORGAN SOUTHERN TRUCKING, and DOES 1 to 100; Inclusive<br><br>Defendant(s). | CASE NO.: **BC 606 470**<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES FOR<br><br>1. VIOLATION OF CALIFORNIA LABOR CODE §226.8 and §2753 (WILLFUL MISREPRESENTATION OF AN INDIVIDUAL AS AN INDEPENDENT CONTRACTOR)<br>2. VIOLATION OF BUSINESS AND PROFESSION CODE §17200<br>3. VIOLATION OF CALIFORNIA LABOR CODE § 226, 226.3 (PAY STUB VIOLATION)<br>4. VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (MEAL AND REST VIOLATION)<br>5. VIOLATION OF CALIFORNIA LABOR CODE § 2802 (FAILURE TO REIMBURSE AN EMPLOYEE FOR NECESSARY EXPENDITURES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Latrina Phillips alleges that:

**PRELIMINARY ALLEGATIONS**

1. Defendant ROADRUNNER INTERMODAL SERVICES, LLC (hereafter

- 1 -
CLASS ACTION COMPLAINT FOR VIOLATION OF

Phillips - 01 - Complaint

"ROADRUNNER") is, and at all times relevant herein was, a California Corporation, doing business in the County of Los Angeles, State of California.

2. Defendant MORGAN SOUTHERN, Inc. WHICH WILL DO BUSINESS IN CALIFORNIA AS MORGAN SOUTHERN TRUCKING (hereafter "MORGAN") is, and at all times relevant herein was, a California Corporation, doing business in the County of Los Angeles, State of California.

3. The true names and capacities, whether individual, corporate or otherwise, of Defendants sued herein as DOES 1 to 100 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names pursuant to the provisions of Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges, that each DOE defendant is, in some manner, legally responsible for some or all of the Plaintiff's damages described herein. When said defendants are ascertained, Plaintiff will amend this complaint to reflect their true identities.

4. Plaintiff LATRINA PHILLIPS (hereafter "PHILLIPS") at all times relevant hereto was a resident of Los Angeles County, State of California.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each defendant was the agent, employee and/or partner of each of the defendants herein, and was acting within the course and scope of said agency, employment and/or partnership and pursuant to the purposes of said agency, employment and/or partnership.

6. Defendant ROADRUNNER is a freight/trucking company that provides transportation of customers' products via semi-trailer trucks.

7. Defendant MORGAN is a subsidiary of ROADRUNNER and is also a freight/trucking company that provides transportation of customer' products via semi-trailer trucks.

8. Plaintiff PHILLIPS worked for Defendants from about March 2015 through about August 2015.

9. The class that plaintiff represents is defined in subclasses as follows:
   a) All current and former semi truck drivers of

- 2 -
**CLASS ACTION COMPLAINT FOR VIOLATION OF**

Phillips - 01 - Complaint

01/08/2016 17:17 7143795444 , EMILIO LAW GROUP PAGE 12/20

defendants in the State of California, who were willfully misclassified as Independent Contractors in violation of California Labor Code §§ 226.8 and 2753;

b) All current and former semi truck drivers of defendants in the State of California, who were not reimbursed semi truck expenses (including, but not limited to truck leases, truck repairs and maintenance, truck insurance, truck licenses, and fuel costs) and other business-related expenses in violation of California Labor Code §2802;

c) All current and former semi truck drivers of defendants in the State of California, who did not receive correct and written itemized statements in violation of California Labor Code §226.

d) All current and former semi truck drivers of defendants in the State of California, who did not receive meal and rest breaks in violation of California Labor Code §226.7.

10. This action has been brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure §382, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable:

    A. NUMEROSITY: The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to plaintiff at this time, plaintiff is informed and believes that many current and former semi truck drivers of defendant have been denied reimbursement of necessary business expenses and denied meal and rest breaks for their work during the period covered by this action;

    B. COMMON QUESTIONS PREDOMINATE: Common questions of law and fact exist as to all members of the plaintiff class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

        i. Whether plaintiff and other class members have been willfully misclassified as Independent Contractors and therefore denied the benefits of certain sections of the California Labor Code;

- 3 -
CLASS ACTION COMPLAINT FOR VIOLATION OF

01/08/2016  17:17  7143795444                    EMILIO LAW GROUP                    PAGE  13/20

  ii. Whether defendants violated the Labor Code by failing to reimburse plaintiff and other class members of the necessary business truck expenses that plaintiffs were required to incur;

  iii. Whether defendants violated the Labor Code by failing to provide plaintiff and other class members with meal and rest breaks mandated by State law;

  iv. Whether defendants violated Business & Professions Code §17200 by failing to reimburse plaintiff and other class members of the necessary business truck expenses that plaintiff and other class members incurred;

 C. TYPICALITY: Plaintiff's claims are typical of the claims of the class members. Plaintiffs and the members of the class sustained damages arising out of defendants' common practice of failing to reimburse for necessary business truck expenses;

 D. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest that is adverse to the interests of the other class members;

 E. SUPERIORITY: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical; class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

- 4 -
**CLASS ACTION COMPLAINT FOR VIOLATION OF**

Phillips - 01 - Complaint

Doc# 1 Page# 4 - Doc ID = 1639576041 - Doc Type = OTHER

1. The cost to the court system of adjudication of such individualized litigation would
2. also present the potential for inconsistent or contradictory judgments;
3.     F.    PUBLIC POLICY CONSIDERATION: Employers throughout the
4. state violate wage and hour laws. Current employees are often afraid to assert their
5. rights out of fear of direct or indirect retaliation. Former employees are fearful of
6. bringing actions because they perceive their former employers can blacklist them in
7. their future endeavors through negative references. Class actions provide the class
8. members who are not named on the Complaint with a type of anonymity that allows
9. for vindication of their rights;

**BACKGROUND FACTS**

11. Plaintiff refers to, and incorporates herein by reference, the allegations of paragraph 1 through 10, inclusive, as though fully set forth herein.

12. On or about March 29, 2015, Defendants hired plaintiff PHILLIPS as a truck driver on a purportedly "Independent Contractor" basis.

13. Plaintiff was required to lease her own truck through Defendants or an affiliate of defendants at her own expense.

14. Throughout her employment, Plaintiff was required to have all repairs and maintenance performed by ROADRUNNER which then billed Plaintiff for the costs.

15. Throughout her employment, Plaintiff was required to purchase fuel at her own expense, without reimbursement.

16. Throughout her employment, Plaintiff was required to purchase insurance without reimbursement.

17. Throughout her employment, Plaintiff worked exclusively for defendants as a semi truck driver, transporting products of customers of defendants.

18. Throughout her employment, Defendants were in the business of transportation of products of their customers.

19. Throughout her employment, Defendants controlled all aspects of

01/08/2016 17:17 7143795444 EMILIO LAW GROUP PAGE 15/20

1 Plaintiff's employment.

2     20. Throughout her employment, Defendant had total control over the
3 amount that customers were charged.

4     21. Throughout her employment, Plaintiff had no ability to set rates to be
5 charged or how much she would receive for her efforts.

6     22. Throughout her employment, Plaintiff had no ability to operate her
7 employment as a true distinct business would operate.

8     23. Throughout her employment, Plaintiff had no opportunity for profit or
9 loss depending on her managerial skills.

10     24. Throughout her employment, Plaintiff's services were an integral part of
11 Defendants' business.

12     25. Plaintiff believes that defendants intentionally misclassified Plaintiff and
13 other class members as Independent Contractors to avoid paying federal and state
14 taxes and to force all the costs of truck operation on to the drivers.

15     26. Pursuant to Labor Code §2699.3, Plaintiff has give written notice by
16 certified mail to the Labor and Workforce Development Agency and the employer of
17 the specific provisions of this code alleged to have been violated, including the facts
18 and theories to support the alleged violation.

**FIRST CAUSE OF ACTION**
FOR VIOLATION OF CALIFORNIA LABOR CODE §226.8 and §2753
(WILLFUL MISREPRESENTATION OF AN INDIVIDUAL AS AN INDEPENDENT CONTRACTOR)

27. Plaintiff refers to, and incorporates herein by reference, the allegations of paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. California law, as set forth in Labor Code §226.8 and §2753, makes it unlawful for any person or employer to willfully misclassify an individual as an Independent Contractor. Further, Labor Code § 226.8 provides that if the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in such willful misclassification, the employer shall be subject

- 6 -
CLASS ACTION COMPLAINT FOR VIOLATION OF

03:55:18 p.m. 01-03-2016  16  7143795444
01/08/2016  17:17  7143795444  EMILIO LAW GROUP  PAGE 16/20

1 to a civil penalty of not less than $5,000 and not more than $15,000 for each
2 violation, in addition to any other penalties or fines permitted by law. However, if the
3 court determines that the employer has engaged in a pattern or practice of such
4 violation, the employer shall be subject to a civil penalty of not less than $10,000 but
5 not more than $25,000 for each violation, in addition to any other penalties or fines
6 permitted by law.

7     29.    During employment with defendants, and within the applicable statutes
8 of limitation, Plaintiff and the other class members, were required to work for
9 defendants and were misclassified as Independent Contractors.

10     30.    Defendants have refused or failed to properly classify Plaintiff as well as
11 the other class members as employees and eligible for the benefits afforded them
12 under the California Labor Code, including the right for reimbursement for necessary
13 business expenses, meals and rest breaks, necessary deduction for federal and state
14 taxes and other mandatory withholdings, and a statement of earnings (pay stubs).

15     31.    Pursuant to Labor Code §226.8, Plaintiff and the plaintiff class is
16 seeking an award of civil penalties for willful misclassification as Independent
17 Contractors, plus reasonable attorney fees and costs incurred in this action, in
18 addition to other remedies provided by law and as requested herein.

19

20 **SECOND CAUSE OF ACTION**
VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

21     32.    Plaintiff refers to, and incorporates herein by reference, the allegations of
22 paragraphs 1 through 31, inclusive, as though fully set forth herein.

23     33.    Defendants' failure to reimburse necessary business expenses to plaintiff
24 and the Class members in violation of California Labor Code, constitutes an
25 unlawful, unfair or fraudulent business act or practice, in violation of California
26 Business and Professions Code §17200 et seq.

27     34.    Pursuant to Business and Professions Code §17203, plaintiff and the
28 class members are entitled to restitution of all unpaid reimburse expenses.

- 7 -
**CLASS ACTION COMPLAINT FOR VIOLATION OF**

Phillips - 01 - Complaint

01/08/2016  17:17   7143795444   EMILIO LAW GROUP   PAGE 17/20

## THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA LABOR CODE §226 and §226.3

35. Plaintiff refers to, and incorporates herein by reference, the allegations of paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. Pursuant to California Labor Code §226, Employers are required to "furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing." Furthermore, Employers are required to give employees an itemized statement including, but not limited to, the employees name and social security number, gross wages, total hours worked, net wages earned, the inclusive dates of the period for which the employee is paid, as well as applicable hourly rates.

37. Plaintiffs are informed, believe, and thereon allege that Defendants intentionally violated California Labor Code §226(a) by failing to furnish Plaintiff and the plaintiff class with the required pay stubs.

38. Plaintiffs are informed, believe, and thereon allege that pursuant to California Labor Code §226, Plaintiffs as well as other class members are entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees" from Defendants.

39. In addition, pursuant to Labor Code §226.3, "any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollar ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties

- 8 -
**CLASS ACTION COMPLAINT FOR VIOLATION OF**

Phillips - 01 - Complaint

Doc# 1 Page# 8 - Doc ID = 1639576041 - Doc Type = OTHER

Exhibit A
8 of 17
19

01/08/2016  17:17  7143795444        EMILIO LAW GROUP              PAGE  18/20

1  provided for in this section are in addition to any other penalty provided by law."

### FOURTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (MEAL AND REST VIOLATION)

40. Plaintiff refers to, and incorporates herein by reference, the allegations of paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. California Labor Code §226.7 requires that every employer provide employees with meal and rest breaks.

42. "(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

43. Plaintiff and the plaintiff class were unable to take their lawful breaks as required by law because of the tight control of time placed on them by Defendants.

44. Further, Defendants have failed to pay Plaintiff and the plaintiff class the one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period was not provided, which the Plaintiff and class now seek.

### FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA LABOR CODE §2802

45. Plaintiff refers to, and incorporates herein by reference, the allegations of paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. Pursuant to California Labor Code §2802, Employers are required to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

03:55:18 p.m. 01-08-2016   19   7143795444
01/08/2016   17:17   7143795444   EMILIO LAW GROUP   PAGE 19/20

47. Defendants have violated Labor Code §2802 by refusing and failing to reimburse Plaintiffs as well as other class members for the semi truck expenses they incurred by being required to drive semi trucks that Plaintiff and the class were required to provided and maintain in the performance of their duties.

48. Pursuant to California Labor Code §2802, Plaintiff as well as the other class members are entitled to interest which "shall accrue at the same rate as judgments in civil actions" "from the date on which the employee incurred the necessary expenditure or loss."

49. Further, and pursuant to California Labor Code §2802 Plaintiff is seeking "necessary expenditures or losses" which includes "reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section" as the court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand trial by jury in the above causes.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf, and on behalf of other members of the general public similarly situated, prays for relief as follows:

#### AS TO THE FIRST CAUSE OF ACTION

1. For all civil penalties as provided by law;

#### AS TO THE SECOND CAUSE OF ACTION

3. For restitution of all unlawfully withheld reimburse pay for a period commencing four years prior to the filing of this action through final judgment.

#### AS TO THE THIRD CAUSE OF ACTION

4. For damages and penalties pursuant to California Labor Code §226.

#### AS TO THE FOURTH CAUSE OF ACTION

5. For compensatory damages provided by Labor Code §226.7.

#### AS TO THE FIFTH CAUSE OF ACTION

6. For damages and unpaid reimbursement expenses pursuant to California

```
03:55:18 p.m. 01-08-2016  | 20 | 7143795444
01/08/2016  17:17  7143795444        · EMILIO LAW GROUP        PAGE  20/20
```

1 | Labor Code §2802.

## AS TO ALL CAUSES OF ACTION

3 | 7. For incidental damages, according to proof
4 | 8. For all remedies and penalties under California labor code and California
5 | business and professions code.
6 | 9. For pre-judgment interest;
7 | 10. For costs of suit;
8 | 11. For reasonable attorneys' fees
9 | 12. For such other relief that the court deems proper.

11 | DATED: January 8, 2016        EMILIO LAW GROUP, apc

                                   *[signature]*

                                   Daniel G. Emilio
                                   Attorney for Plaintiff

- 11 -
**CLASS ACTION COMPLAINT FOR VIOLATION OF**         Phillips - 01 - Complaint

Doc# 1 Page# 11 - Doc ID = 1639576041 - Doc Type = OTHER

03:55:18 p.m. 01-08-2016 | 4 | 7143795444

01/08/2016  17:17  7143795444 . EMILIO LAW GROUP  PAGE 04/20

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel G. Emilio (SBN 164892)/Justin G. Schmidt (SBN 248872) EMILIO LAW GROUP, APC 12832 Valley View St., Ste. 106 Garden Grove, CA 92845 TELEPHONE NO.: (714) 379-6239  FAX NO.: (714) 379-5444 ATTORNEY FOR (Name): Plaintiff Latrina Phillips | **FILED** Superior Court of California County of Los Angeles JAN - 8 2016 Sherri R. Carter, Executive Officer/Clerk By _Dawn_ Deputy Dawn Alexander |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: (same)
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Phillips v. Roadrunner Intermodal Services, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC606470** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 5
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/8/2016
Justin G. Schmidt
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| 03:55:18 p.m. 01-08-2016 | 5 | 7143795444 |

01/08/2016  17:17    7143795444                EMILIO LAW GROUP                        PAGE  05/20

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (non-tort/non-complex)
  - Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                                    Page 2 of 2

Doc# 1 Page# 13 - Doc ID = 1639576041 - Doc Type = OTHER

Exhibit A
13 of 17
24

03:55:18 p.m. 01-08-2016 | 6 | 7143795444

01/08/2016  17:17  7143795444                EMILIO LAW GROUP                    PAGE 06/20

| SHORT TITLE: Phillips v. Roadrunner Intermodal Services, LLC | CASE NUMBER: BC 606470 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? YES   CLASS ACTION? YES   LIMITED CASE? YES   TIME ESTIMATED FOR TRIAL 5-8   HOURS/✓DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev 3/15)        **CIVIL CASE COVER SHEET ADDENDUM**        Local Rule 2.3
LASC Approved 03-04         **AND STATEMENT OF LOCATION**             Page 1 of 4

01/08/2016   17:17   7143795444   , EMILIO LAW GROUP   PAGE 07/20

| SHORT TITLE: Phillips v. Roadrunner Intermodal Services, LLC | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 2., 5., 6., 11<br>2., 5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)   CIVIL CASE COVER SHEET ADDENDUM   Local Rule 2.3
LASC Approved 03-04   AND STATEMENT OF LOCATION   Page 2 of 4

Doc# 1 Page# 15 - Doc ID = 1639576041 - Doc Type = OTHER

01/08/2016  17:17  7143795444  . EMILIO LAW GROUP  PAGE 08/20

| SHORT TITLE: Phillips v. Roadrunner Intermodal Services, LLC | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev 3/15)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 3 of 4

Doc# 1 Page# 16 - Doc ID = 1639576041 - Doc Type = OTHER

03:55:18 p.m. 01-08-2016 | 9 | 7143795444

01/08/2016  17:17  7143795444  · EMILIO LAW GROUP  PAGE 09/20

| SHORT TITLE: Phillips v. Roadrunner Intermodal Services, LLC | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS:<br>818 West 7th Street, Suite 930 |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: 1/8/2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev 3/15)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 4 of 4 |
|---|---|---|

Doc# 1 Page# 17 - Doc ID = 1639576041 - Doc Type = OTHER

Exhibit A
17 of 17
28